UNITED STATES DISTRICT COURT

FOR THE MARYLAND DISTRICT

MAURA C BURTON

    Plaintiff

vs.

                                          JURY TRIAL DEMAND

AMERIQUEST MORTGAGE COMPANY
AMC MORTGAGE SERVICES
DEUTSCHE BANK NATIONAL TRUST
  COMPANY
BEIRMANN, GEESING AND WARD, LLC

    Defendants

[FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND — OCT 2 4 2007 — CLERK'S OFFICE AT BALTIMORE — BY ____ DEPUTY]

## COMPLAINT

1. Plaintiff, Maura C Burton, seeks Four Hundred Twenty Five Thousand Dollars ($425,000.00) for damages caused by the defendants by violating her rights to fair credit reporting pursuant to 15 U.S.C. $1681 s-2. Plaintiff also charges defendants Ameriquest Mortgage Company, et al., with violation of Maryland law.

## JURSIDICTION AND VENUE

2. This court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because Plaintiffs claim under the Fair Credit Reporting Act arises under Federal Law. This Court has supplemental

Jurisdiction over Plaintiff's complaint under State Law pursuant to the Judicial Improvements Act of 1990, Pub.L.No.101-650, Stat.5089, 29 U.S.C $1367.

3. Venue is proper in this District pursuant to 28 U.S.C $ 1391 (c) because the Defendants do business in this District.

## PARTIES

1. Defendant Ameriquest Mortgage Company is a mortgage lender. The Company's main office is in Orange California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of the Plaintiffs mortgage and also does business in this district. Defendant Beirmann, Geesing and Ward is a law office located in Maryland that has been retained by Ameriquest Mortgage Company, AMC Mortgage Services, Inc. and Deutsche Bank National Trust Company to represent them in legal matters. Defendant Beirmann, Geesing and Ward does business in this district.

2. Plaintiff Maura C Burton is a resident of Maryland.

## BACKGROUND

Plaintiff entered into three separate mortgage agreements with the Defendants. The first mortgage agreement was entered into in July 2004, the second in February 2005 and the third in October 2005.

In September 2004 AMC incorrectly reported the August 2004 mortgage payment as 30 days late when in fact it was paid on time.

In June, July and August of 2005 the Defendants again reported these payments as 30 days late when in fact they were paid on time.

In September 2005 Plaintiff notified the Defendants of all inaccuracies.

In October 2005 the Defendants acknowledged the errors and agreed to correct these errors with all three credit reporting agencies.

No prior notice of any reporting of late payments to the credit reporting agencies was given to the Plaintiff by the Defendants as required by 15 U.S.C. $ 1681-2.

In January 2006 Plaintiff again notified Defendants that in addition to the already acknowledged inaccuracies that were being reported about her mortgage payments December 2005 was now being reported and 30 days late which is incorrect. No notice was given to the Plaintiff by the Defendants as required by 15 U.S.C $ 1681-2.

In January 2006 as a result of incorrect credit reporting by the Defendants, Plaintiff was denied a student loan by several different lenders.

Plaintiff was forced to pay out of pocket for tuition, room, board and fees and other expenses for her son to finish his senior year of college.

Plaintiff fell behind on mortgage payments in April and May of 2006 due to education related expenses described previously.

Plaintiff tried unsuccessfully to resolve the mortgage issues with the Defendants.

In August 2006 the Defendants corrected the Plaintiffs mortgage payment history with the credit reporting agencies and then filed foreclosure proceedings against the Plaintiff.

In October 2006 the Plaintiff filed for Chapter 13 Bankruptcy protection in the United States District Court for Maryland to prevent the foreclosure sale of her home.

## COUNT ONE

1. Plaintiff believes that the Defendants have no standing to have filed foreclosure proceedings because they have failed to comply with 15 U.S.C $1681 s-2 and therefore, because of their unfair and deceptive trade practices they are in violation of Section 5 (a) of the Federal Trade Commission Act 15 U.S.C $ 45 (a) which calls for a penalty of no more than twenty five hundred dollars ($2500.00) per violation.

2. The Defendants took 24 months to correct the errors they had been made aware of on numerous occasions.

PRAYER FOR RELEIF

WHEREFORE, Plaintiff requests that the Court grant a judgement against the Defendants as follows:

    a.    barring the Defendants form pursuing foreclosure proceedings against the Plaintiff:

    b.    awarding Plaintiff actual damages caused by the Defendants failure to comply with 15 U.S.C $ 1681 s-2.;

    c.    award appropriate statutory damages;

    d.    order Defendants to pay costs, penalties and fees accrued by the Plaintiff;

    e.    award Plaintiff actual and punitive damages;

    f.    granting such other relief as the Court deems just and proper.

Respectfully submitted by:

_____
Plaintiff
Maura C Burton
19 Hilltop Place
Catonsville, MD 21228
410 788 6556