**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MAURA C. BURTON<br><br>         Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>AMC MORTGAGE SERVICES<br>DEUTSCHEBANK NATIONAL TRUST<br>COMPANY and<br>BEIRMANN GEESING AND WARD, LLC<br><br>         Defendants. | CA. No. 07-CV-0869 |

**ANSWER OF AMERIQUEST MORTGAGE COMPANY TO**
**PLAINTIFF'S AMENDED COMPLAINT DATED 10/24/07**

Defendant Ameriquest Mortgage Company ("Ameriquest"), by and through its attorneys,

Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby answers the Amended Complaint

("Amended Complaint") dated October 24, 2007, brought by Plaintiff Maura C. Burton

("Plaintiff").  Ameriquest makes this Answer only on its own behalf.  To the extent that any

allegation set forth in the Amended Complaint is addressed to any other defendant, Ameriquest

is without knowledge or information sufficient to form a belief as to the truth of such allegation

except as expressly stated below.

1.      Paragraph 1 of the Amended Complaint sets forth Plaintiff's characterization of

this action to which no response is required.  To the extent that a further response may be

required, Ameriquest denies the remaining allegations set forth in Paragraph 1 of the Amended

Complaint.

**JURISDICTION AND VENUE**

2.        Paragraph 2 of the Amended Complaint sets forth Plaintiff's conclusions of law to which no response is required.

3.        Paragraph 3 of the Amended Complaint sets forth Plaintiff's conclusions of law to which no response is required.  To the extent that a further response may be required, and to the extent that the allegations set forth in Paragraph 3 of the Amended Complaint are directed to Ameriquest denies the allegations.

**PARTIES**

1.        Ameriquest denies the allegations set forth in the first sentence of "Parties" Paragraph 1 of the Amended Complaint.  As to the second sentence of "Parties" Paragraph 1 of the Amended Complaint, Ameriquest admits that it has offices located in Orange, California and states that it is not currently doing business in the State of Maryland.  Ameriquest admits that Plaintiff s mortgage loan is held in trust with Deutsche Bank National Trust as trustee, states that AMC Mortgage Services, Inc. ("AMC") is not currently doing business in the State of Maryland and otherwise denies the remaining allegations set forth in the third and fourth sentences of "Parties" Paragraph 1 of the Amended Complaint.  As to the fifth and sixth sentences of "Parties" Paragraph 1 of the Amended Complaint, Ameriquest admits that the law firm of Bierman, Geesing & Ward, LLC has submitted filings on behalf of Deutsche Bank National Trust Company, as trustee, c/o AMC Mortgage Services, Inc. in the bankruptcy action commenced by the Plaintiff, In re Maura C. Burton, Case No. 06-16155-RAG (Bankr. D. Md.); Ameriquest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Parties" Paragraph 1 of the Amended Complaint.

2.      Ameriquest is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in "Parties" Paragraph 2 of the Amended Complaint.

## BACKGROUND[1]

1.      Ameriquest admits that Plaintiff entered into three separate mortgage loan

agreements with Defendant Ameriquest Mortgage Company, specifically, Ameriquest Mortgage

Company loan numbers 0082742503 (the " '503 Mortgage"), 0112451687 (the " '687

Mortgage), and 0136814704 (the " '704 Mortgage").  Ameriquest otherwise denies the

remaining allegations set forth in "Background" Paragraph 1 of the Amended Complaint.

2.      As to the allegations set forth in "Background" Paragraph 2 of the Amended

Complaint, Ameriquest admits that the '503 Mortgage closed on or about June 23, 2004, the '687

Mortgage closed on or about March 21, 2005 and the '704 Mortgage closed on or about

November 2, 2005.

3.      As to the allegations set forth in "Background" Paragraph 3 of the Amended

Complaint, Ameriquest admits that AMC reported Burton's August 2004 mortgage payment as

30 days late.  Further responding, Ameriquest states that Burton's August 2004 mortgage

payment, which was due August 1, 2004, was made on or about August 17, 2004.

4.      As to the allegations set forth in "Background" Paragraph 4 of the Amended

Complaint, Ameriquest admits that Burton's June, July and August 2005 mortgage payments

were reported as 30 days late.  Further responding, Ameriquest admits that on or about October

12, 2005, AMC sent the Plaintiff a letter regarding the '687 Mortgage in which AMC noted that

it had adjusted its records to show that Burton's June, July and August 2005 payments were

---

[1]  The paragraphs set forth in the "Background" section of Plaintiff's Amended Complaint were
not numbered.  In the interest of preserving the record, the Defendants have numbered their
responses to these paragraphs.

current.  In that letter, AMC also stated that it would advise Trans-Union, Equifax, and Experian

accordingly.  Ameriquest also states that on or about June 9, 2006, AMC corresponded with

Plaintiff and AMC informed Plaintiff that, per Plaintiff's request, AMC had forwarded formal

requests to three credit agencies, TransUnion, Equifax and Experian, to, inter alia, update

Plaintiff's credit profile to remove the late reporting for June, July, and August 2005.

5.       Ameriquest is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in "Background" Paragraph 5 of the Amended Complaint to

the extent that these allegations lack sufficient particularity or specificity as to which mortgage

loan Plaintiff is referring.

6.       As to the allegations set forth in "Background" Paragraph 6 of the Amended

Complaint, Ameriquest admits that on or about October 12, 2005, AMC sent the Plaintiff a letter

regarding the '687 Mortgage in which AMC noted that it had adjusted its records to show that

Burton's June, July and August 2005 payments were current.  In that letter, AMC also stated that

it would advise Trans-Union, Equifax, and Experian accordingly.  Ameriquest otherwise denies

the remaining allegations set forth in "Background" Paragraph 6.

7.       Ameriquest is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in "Background" Paragraph 7 of the Amended Complaint.

To the extent that a further response may be required, Ameriquest denies the allegations set forth

in "Background" Paragraph 7 of the Amended Complaint.

8.       Ameriquest is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in "Background" Paragraph 8 of the Amended Complaint.

To the extent that a further response may be required, Ameriquest denies the allegations set forth

in "Background" Paragraph 8 of the Amended Complaint.

9.      Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Background" Paragraph 9 of the Amended Complaint. To the extent that a further response may be required, Ameriquest denies the allegations set forth in "Background" Paragraph 9 of the Amended Complaint.

10.      Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Background" Paragraph 10 of the Amended Complaint. To the extent that a further response may be required, Ameriquest denies the allegations set forth in "Background" Paragraph 10 of the Amended Complaint.

11.      Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Background" Paragraph 11 of the Amended Complaint. To the extent that a further response may be required, Ameriquest denies the allegations set forth in "Background" Paragraph 11 of the Amended Complaint.

12.      Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Background" Paragraph 12 of the Amended Complaint. To the extent that a further response may be required, Ameriquest denies the allegations set forth in "Background" Paragraph 12 of the Amended Complaint.

13.      As to the allegations set forth in "Background" Paragraph 13 of the Amended Complaint, Ameriquest states that on or about October 12, 2005, AMC sent the Plaintiff a letter in which AMC noted that it had adjusted its records to show that Burton's June, July and August 2005 payments were current.  In that letter, AMC also stated that it would advise Trans-Union, Equifax, and Experian accordingly.  Ameriquest also states that on or about June 9, 2006, AMC corresponded with Plaintiff and AMC informed Plaintiff that, per Plaintiff's request, AMC had forwarded formal requests to three credit agencies, TransUnion, Equifax and Experian, to, inter

alia, update Plaintiff's credit profile to remove the late reporting for June, July, and August 2005.

Further responding, Ameriquest states that on or about July 27, 2006, AMC sent the Plaintiff a

letter in which AMC noted that "a review of the documents provided indicates that the payment

for the August 1, 2004 payment was received by AMC on August 17, 2004" and which stated

that AMC had forwarded formal requests to TransUnion, Equifax, and Experian to update

Plaintiff's credit profile to remove the late reporting for August 2004.  Further responding, AMC

states that  Ameriquest sent the Plaintiff a Notice of Intention to Foreclose on or about January

14, 2005 (regarding the '503 Mortgage) and that AMC sent the Plaintiff Notices of Intention to

Foreclose on or about January 23, 2006, May 2, 2006 and July 5, 2006 (regarding the '704

Mortgage).  Ameriquest is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in "Background" Paragraph 13 of the Amended

Complaint.  To the extent that a further response may be required, Ameriquest denies the

remaining allegations set forth in "Background" Paragraph 13 of the Amended Complaint.

14.     As to the allegations set forth in "Background" Paragraph 14 of the Amended

Complaint, Ameriquest is aware that Plaintiff filed for Chapter 13 Bankruptcy protection in the

United States District Court for Maryland on or about October 2006.  Ameriquest is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

set forth in "Background" Paragraph 14 of the Amended Complaint.  To the extent that a further

response may be required, Ameriquest denies the allegations set forth in "Background"

Paragraph 14 of the Amended Complaint.

**COUNT ONE**

1.     Ameriquest denies the allegations set forth in Count One, Paragraph 1 of the

Amended Complaint.

6

2.     Ameriquest denies the allegations set forth in Count One, Paragraph 2 of the

Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted against

Ameriquest.

### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitation and by the application

of the doctrine of laches.

### Third Defense

Plaintiff lacks standing to assert any claims against Ameriquest.

### Fourth Defense

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver,

estoppel and ratification for any purported claim alleged in the Amended Complaint.

### Fifth Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to

mitigate damages.

### Sixth Defense

Any damages were the result of acts or omissions on the part of the Plaintiff or a third

party for which Ameriquest is not responsible.

### Seventh Defense

Plaintiff's claims are barred by the doctrine of equitable subrogation and by the

application of the doctrine of unclean hands.

### Eighth Defense

Plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence

rule.

Ninth Defense

Ameriquest hereby gives notice that it intends to rely upon such other and further

defenses as may become available during discovery proceedings in this case and hereby reserves

its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the

Court:

i.   Enter a judgment in its favor on all counts of the Amended Complaint;

ii.  Dismiss the Amended Complaint with prejudice;

iii. Award Ameriquest Mortgage Company its costs and expenses, including

attorneys' fees incurred in this action; and

iv.  Grant such other relief as the Court deems just and proper.


Respectfully submitted,
AMERIQUEST MORTGAGE COMPANY,
By its attorneys,


/s/ Charles L. Eisen_____
Charles L. Eisen (MD Trial Bar No. 2538)
 charles.eisen@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, DC 20006
Tel: (202) 778-9000
Fax: (202) 778-9100

Dated:  November 13, 2007

Of counsel:

R. Bruce Allensworth (BBO #015820)
bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
phoebe.winder@klgates.com
Aimée E. Bierman (BBO #640385)
aimee.bierman@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

## CERTIFICATE OF SERVICE

I hereby certify that a paper copy of this document, which was filed through the ECF system, is being sent this day via U.S. mail to the Plaintiff as follows:

Maura C. Burton
19 Hilltop Place
Catonsville, Maryland 21228

/s/ Charles L. Eisen_____
Charles L. Eisen